FEY v. FEY.

*(City Court of Brooklyn, General Term.   January 27, 1890.)*

APPEAL—HARMLESS ERROR.

   In an action by a wife against her husband to recover money received by him for her use, it was conceded that defendant received $600 to invest in a house, the title

of which was taken in their joint names. Defendant was credited in plaintiff's bill of particulars with $1,700 as invested in such house, and the credit was allowed. *Held*, that he could not be heard to complain.

Appeal from trial term.

Action by Louise Fey against Christian Fey. Judgment for plaintiff. Defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*James C. Church*, for appellant.　　*Thomas E. Pearsall*, for respondent.

CLEMENT, C. J.　The plaintiff is the wife of the defendant, and this action was brought to recover money received by the defendant for the use of plaintiff, and for money loaned. There is no question of law raised on this appeal, and the dispute arises solely on the facts. The learned trial judge allowed the following items of plaintiff's claim:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| May 17th, 1882, | - | - | - | - | - | - | | $ 600 | 00 |
| January, 1886, | - | - | - | - | - | - | | 200 | 00 |
| Rents, house at New Britain, | | | | - | - | $735 | 00 | | |
| "　　"　　"　　" | | | - | - | - | 700 | 00 | | |
| "　　"　　"　　" | | - | - | - | 585 | 00 | | | |
| | | | | | | | | 2,020 | 00 |
| Rents of Plymouth-St. house, | | - | - | - | | | | 1,248 | 00 |
| Total, | - | - | - | - | - | - | | $4,068 | 00 |

Credits were allowed as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount invested in President-St. house, | - | - | - | $1,700 | 00 |
| Amount paid for repairs and taxes, | - | - | - | 388 | 18 |
| | | | | $2,088 | 18 |
| Amount of charges allowed, | - | - | - | - | - | $4,068 | 00 |
| Credits allowed, | - | - | - | - | - | - | 2,088 | 18 |
| Balance due plaintiff, | - | - | - | - | | $1,979 | 82 |

We think that the item of $600 (May 17, 1882) was properly charged against the defendant. It was conceded that he received the said sum of $600 to invest in the house on President street, the title of which was taken in the joint names of plaintiff and defendant. The defendant was credited in plaintiff's bill of particulars with $1,700, as invested in the President-Street house, and such credit was allowed on the trial. As the defendant was only charged with $600, and was credited with $1,700 in the same transaction, he cannot complain, for he benefited in the sum of $1,100 thereby. The item of charges, $200, (January, 1886,) was properly charged against the defendant, but he should have also been credited with the same amount; and the credit allowed the defendant for amount paid out for repairs and taxes, $388.18, should have been $444.43, as there is nothing in the case to contradict the testimony of the defendant on this point. The total amount of additional credits which should have been allowed is $256.25. As to the two items, rents of New Britain house, $2,020, and rents of Plymouth-Street house, $1,248, there was a direct conflict between the witnesses for plaintiff and those called by the defendant; and, after a careful examination of the testimony, we hold that the decision at the trial term as to those items was not against the weight of evidence. Judgment reversed, and a new trial granted, costs to abide the event, unless the plaintiff consents to reduce the damages in said judgment by deducting the sum of $256.25, and also to reduce the additional allowance to 5 per cent. on the recovery, in which case the judgment appealed from is affirmed, without costs.